# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 8:17CR55 |
| DEMITRIUS E. ALSTON, | ) ) | ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court on the Motion to Exclude Testimony of Forensic Fingerprint Examiner and Request for a *Daubert* Hearing ([Filing No. 19](#)) filed by Defendant, Demitrius E. Alston.

Defendant seeks to exclude the testimony of Maria Phillip, Dyanne Carpenter, and any other forensic fingerprint examiner the government intends to call as a witness. Defendant argues that proposed testimony regarding the forensic analysis of fingerprints on a bag dropped at the crime scene and recovered as evidence would be unreliable because the bag "was not handled by experts from [the] crime lab, but instead by other law enforcement officers" and because the bag "remained in the custody of law enforcement for several months prior to actual forensic examination." ([Filing No. 20 at p. 2](#)). Defendant requests a hearing pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Defendant contends that "heightened scrutiny" should be applied to the fingerprint evidence in this case because it "encompasses the entire direct or indirect evidence" connecting Defendant to the crime.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 permits a qualified witness to testify as an expert "in the form of an opinion or otherwise," provided: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in

1

issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

When determining whether expert witness testimony is admissible, "[T]he trial judge . . . must make a preliminary assessment of whether the testimony's underlying reasoning or methodology is scientifically valid." *United States v. Ibarra*, 397 F. App'x 285, 287 (8th Cir. 2010) (quoting *Daubert*, 509 U.S. at 580). The Eighth Circuit Court of Appeals has repeatedly held, "Fingerprint evidence and analysis is generally accepted." *Ibarra*, 397 F. App'x at 287 (quoting *United States v. Collins*, 340 F.3d 672, 682 (8th Cir. 2003)); *United States v. Spotted Elk*, 548 F.3d 641, 663 (8th Cir. 2008); *United States v. Janis*, 387 F.3d 682, 689-90 (8th Cir. 2004).

A preliminary hearing is not required "[w]hen a district court is satisfied with an expert's education, training, and experience, and the expert's testimony is reasonably based on that education, training, and experience[.]" *Spotted Elk*, 548 F.3d at 663 (quoting *United States v. Kenyon*, 481 F.3d 1054, 1061 (8th Cir. 2007). Although fingerprint evidence and analysis is generally acceptable, the government has not filed an expert witness disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(G), and thus the Court has no evidence regarding the education, training, and experience of any of the government's potential expert witnesses, or the methodology employed by those witnesses in this case. As such, the Court does not have enough information at this time to make a determination whether a *Daubert* hearing is necessary. Therefore, Defendant's motion is premature. See, e.g., *United States v. Henrikson*, 191 F. Supp. 3d 999, 1006 (D. S.D. 2016) (denying defendant's motion for a *Daubert* hearing as premature where the government had not yet filed any expert witness notices).

The Court orders the government to submit its expert witness disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(G) by June 16, 2017. Defendant can re-file a *Daubert* motion, if necessary, after reviewing the government's expert disclosures. After reviewing the

disclosures, the Court will determine if a scheduling conference or a *Daubert* hearing will be set by further order of the Court.   Accordingly,

**IT IS ORDERED:**   Defendant's Motion to Exclude Testimony of Forensic Fingerprint Examiner and Request for a *Daubert* Hearing ([Filing No. 19](#)) is denied as premature.   The government shall submit its expert witness disclosure pursuant to [Fed. R. Crim. P. 16(a)(1)(G)](#) by June 16, 2017.   Defendant may refile a *Daubert* motion, if necessary, after reviewing expert disclosures.

**DATED: June 9, 2017**

           **BY THE COURT:**

           **s/ F.A. Gossett, III**
           **United States Magistrate Judge**